■ GLORIA VANDERBILT HOME FURNISHINGS, INC., Respondent, v GLORIA V. COOPER et al., Appellants. [626 NYS2d 135] —Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered on or about March 4, 1994, which granted plaintiff's motion for a preliminary injunction and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The Supreme Court properly determined that the findings and conclusions of the Hearing Panel of the First Department's Departmental Disciplinary Committee with respect to defendant Cooper's former attorney, who was a shareholder in the plaintiff corporation, were not entitled to preclusive effect with respect to the instant action in which the plaintiff corporation sought damages and an injunction enjoining de-

fendants from tortiously interfering with its contractual relations with its licensees, from interfering with its prospective economic advantage, from unfairly competing and from committing commercial defamation, since defendants failed to establish an identity of issue which had necessarily been decided in the prior action and that there was a full and fair opportunity for plaintiff to contest the decision now claimed to be controlling *(Gilberg v Barbieri,* 53 NY2d 285, 291). The issues decided in the disciplinary action pertained to the attorney's fitness to practice law and did not determine the validity and enforceability of agreements defendant Cooper entered into relinquishing entitlement to licenses for her name. Moreover, plaintiff corporation was not a party to the disciplinary proceeding and the attorney did not appear at those proceedings as a member of the corporation. Further, the corporation was not in privity with the attorney, who was a minority shareholder, and who was not in control of the company's day to day operations *(see, Matter of Delford Indus. v New York State Dept. of Envtl. Conservation,* 171 AD2d 941; *see also, Samhammer v Home Mut. Ins. Co.,* 120 AD2d 59). As the Supreme Court also found, the proposed defense of fraudulent misconduct was time-barred and was not revived by CPLR 203 (d) *(see, Levy v Kendricks,* 170 AD2d 387).

Since collateral estoppel does not apply and since the defense proffered is barred by the Statute of Limitations, the court properly denied defendants' cross motion for summary judgment dismissing the complaint.

Nor did the court improvidently exercise its discretion in granting plaintiff's motion for a preliminary injunction, since plaintiff established a strong likelihood of success on the merits, irreparable injury if the injunction were not granted and that the equities, on balance, weighed in its favor *(Doe v Dinkins,* 192 AD2d 270, 275).

We have considered defendants' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Asch, Williams and Mazzarelli, JJ.