■ INVESTORS INSURANCE COMPANY OF AMERICA, Respondent, v HARTFORD FIRE INSURANCE COMPANY, Appellant. [650 NYS2d 527] —Order and judgment (one paper), Supreme Court, New York County (Lorraine Miller, J.), entered on or about June 28, 1995, which granted plaintiff's motion for summary judgment declaring that defendant must share equally with plaintiff in the settlement of the underlying tort action, including attorney fees, costs and disbursements, and awarded plaintiff $162,500 plus interest, unanimously affirmed, with costs.

In this dispute between insurers, "matching clauses, which apparently have become standard in the industry, adequately manifest an intent for the application of contribution by equal shares under the circumstances" (*J. P. Realty Trust v Public Serv. Mut. Ins. Co.*, 102 AD2d 68, 72, *affd* 64 NY2d 945). Having paid the entire amount of the settlement in the underlying tort action, plaintiff has a valid cause of action for defendant to share therein (*see, Zurich-American Ins. Cos. v Atlantic Mut. Ins. Cos.*, 139 AD2d 379, 387-388, *affd* 74 NY2d 621). We reject defendant's claim of estoppel, since it fails to demonstrate reliance on the conduct of plaintiff or any prejudicial change in its position (*see, BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 853). In view of the foregoing, issues raised by defendant's motion to disqualify plaintiff's counsel are academic, and we do not reach them. We have considered defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.

■ GURDEV MULTANI, Appellant, v ROSS UNIVERSITY et al., Respondents. [650 NYS2d 527] —Order, Supreme Court, New York County (Herman Cahn, J.), entered April 19, 1996, which, *inter alia*, denied plaintiff's motion for a default judgment and dismissed the action pursuant to the Special Referee's report and recommendation that the court did not acquire jurisdiction over defendants, unanimously affirmed, without costs.

Plaintiff failed to establish that proper service was made upon defendants. Accordingly, the action was properly dismissed against defendants for lack of jurisdiction. Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.