■ SOUTHGATE OWNERS CORP. et al., Respondents, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant and Third-Party Plaintiff-Appellant. MARYLAND CASUALTY COMPANY, Third-Party Defendant-Respondent. [660 NYS2d 129] —Order, Supreme Court, New York County (Beatrice Shainswit, J.),

entered on or about August 28, 1996, which, *inter alia*, denied defendant and third-party plaintiff's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant and third-party plaintiff dismissing the complaint.

Plaintiffs herein, Southgate Owners Corp. ("Southgate") and M.J. Raynes, Inc. ("Raynes"), who are insured by defendant and third-party plaintiff Public Service Mutual Insurance Company ("PSM"), are the owner and manager of a cooperative apartment building. One of the apartments in that building suffered water damage during the installation of a penthouse greenhouse by Lesal Interiors, Inc. ("Lesal"), which is insured by third-party defendant Maryland Casualty Company ("MCC") pursuant to a policy that is subject to a $1,000,000 limit and to which Southgate and Raynes were named as additional insureds. When the tenant-shareholder of the damaged apartment brought an action against, *inter alia*, Southgate, Raynes and Lesal, Southgate and Raynes interposed an answer and cross-claimed against Lesal. After an exchange of letters, MCC agreed to undertake the defense for and "indemnify Southgate Owners Corporation and M.J. Raynes Inc. for any verdict or judgment that is $1,000,000 or less" in exchange for their forbearance from cross-suit against Lesal, their consent to substitution of counsel and their acknowledgement and waiver of the conflict of interest arising from the joint defense.

Five years later, MCC allegedly discovered certain evidence indicating that the damage to the apartment was not caused by the installation of the greenhouse and was unrelated to Lesal's acts. MCC therefore brought this action, ostensibly in Southgate's and Raynes' names, for a judgment declaring that PSM is a coinsurer for any liability incurred by Southgate and Raynes. PSM, in turn, brought the third-party action against MCC, based on its supposition that MCC was the real party in interest, seeking a judgment declaring that PSM was not obligated to participate in the underlying matter for any verdict or judgment of $1,000,000 or less.

Generally, where insurance policies provide coverage for the same interest and against the same risk, concurrent coverage exists and two or more primary insurers will be held to be coinsurers (*see, Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 655; *B.K. Gen. Contrs. v Michigan Mut. Ins. Co.*, 204 AD2d 584, 585). Here, as to Southgate and Raynes, PSM and MCC were clearly, and concededly, coinsurers regarding the underlying claim.

However, PSM showed that MCC contractually agreed, in exchange for certain concessions on Southgate's and Raynes' part, including forbearance of their claim against MCC's insured, to undertake the defense for and "indemnify Southgate Owners Corporation and M.J. Raynes Inc. for any verdict or judgment that is $1,000,000 or less". Based on these submissions, PSM demonstrated its entitlement to summary judgment dismissing the claim against it, leaving Southgate and Raynes, or MCC as the real party in interest, with the burden of proffering competent proof to defeat the motion (*see, Zuckerman v City of New York*, 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065).

That burden has not been met. In light of the unequivocal language of the agreement, the allegations that newly discovered evidence revealed that Lesal might not have been responsible for the water damage, even if proven, established only that MCC may have assumed its contractual obligations unwisely, and was therefore insufficient to relieve it of its promise to render PSM an excess insurer. "Freedom of contract prevails in an arm's length transaction between sophisticated parties such as these, and in the absence of countervailing public policy concerns there is no reason to relieve them of the consequences of their bargain. If they are dissatisfied with the consequences of their agreement, 'the time to say so [was] at the bargaining table'" (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 695, quoting *Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 382).

Moreover, PSM's failure to submit the insurance policy it issued to Southgate and Raynes on its motion for summary judgment is not fatal to its cause inasmuch as PSM admitted that its policy made it a coinsurer but relied on the subsequent agreement with MCC, as set forth in the exchange of letters, in support of its contention that MCC agreed to assume the defense of the underlying action up to a liability of $1 million. Accordingly, the provisions of the PSM policy were not material to the determination of the summary judgment motion. Concur—Rosenberger, J. P., Ellerin, Rubin, Tom and Andrias, JJ.