[677 NYS2d 105]

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,
PA., Appellant, v HARTFORD INSURANCE COMPANY OF THE
MIDWEST, Respondent.

First Department, August 13, 1998

APPEARANCES OF COUNSEL

*Eric A. Portuguese* of counsel, New York City (*Fern Flomenhaft* on the brief; *Lester Schwab Katz & Dwyer,* attorneys), for appellant.

*John J. Wrenn,* Brooklyn, for respondent.

### OPINION OF THE COURT

MAZZARELLI, J.

In November 1990, Chaos Construction Corp. (Chaos) was hired as the general contractor for a construction project requiring the demolition of the existing roof, and installation of a new roof, at the Bulova Corporate Center in Queens, New York.

Chaos hired All Seasons Commercial Systems, Inc. (All Seasons) as a roofing subcontractor. On February 4, 1991, Tony Boyd, an employee of All Seasons, fell to his death from the roof of the subject building during performance of the roofing project. In January 1992, the deceased's widow, Lorraine Boyd, commenced a wrongful death action against Chaos and the Center's owner (*Boyd* action). Chaos then commenced a third-party action against All Seasons (first third-party action).

Chaos was insured under a commercial general liability policy issued by Hartford Insurance Company of the Midwest (Hartford). Chaos also contracted with its subcontractor, All Seasons, to be named on All Seasons' general liability policy issued by National Union Fire Insurance Company of Pittsburgh, Pa. (National Union). The subcontract between Chaos and All Seasons also included an indemnification provision requiring All Seasons to "indemnify and hold harmless" Chaos for any liability arising out of the construction work, including loss for "bodily injuries." This indemnification provision was expressly incorporated into the All Seasons policy by an endorsement. Initially, Hartford and National Union discussed the possibility of mutually representing Chaos, their mutual insured, in defense of the *Boyd* action. However, when National Union eventually disclaimed coverage, Chaos commenced a second third-party action against National Union, its insurance broker and All Seasons, seeking a declaration that National Union was obligated to defend and indemnify Chaos in the *Boyd* action, and to reimburse it for all legal expenses (second third-party action).

Chaos moved for summary judgment in the second third-party action. By decision dated November 10, 1993, the IAS Court (Stuart Cohen, J.), granted the motion declaring that National Union, by virtue of the additional-insured provision in its policy and the endorsement incorporating the All Seasons agreement to indemnify Chaos, was obligated to defend and indemnify Chaos in the *Boyd* action.

Subsequently, the IAS Court dismissed Chaos's first third-party action against All Seasons as barred by the antisubrogation rule.[1] The court found that since National Union insured both the third-party plaintiff (Chaos) and third-party defendant (All Seasons) in the first third-party action, the antisubro-

---

1. In a prior ruling, the IAS Court had dismissed the first third-party action up to the limits of the insurance coverage provided by All Seasons for Chaos, pursuant to the preindemnification doctrine. The court granted reargument of this ruling in light of the Court of Appeals decision in *North Star*

gation rule barred National Union from maintaining a subrogation action against one of its insured, All Seasons, for a claim arising out of the same risk for which the insurance was purchased.

Meanwhile, National Union then settled the *Boyd* action for $1,050,000, of which it contributed $1,000,000, the limits of its policy.[2] National then commenced the instant action in March 1994, seeking a declaration that Hartford is responsible, as Chaos' coinsurer, for one half the costs of defending and settling the *Boyd* action. National Union moved for summary judgment based on both policies' "other insurance" clauses, which, in its view, provided concurrent coverage for the same risk. Hartford raised numerous arguments in opposition to the motion, and in support of its cross motion to dismiss, including waiver, collateral estoppel and the failure to join necessary parties. Hartford also asserted that the incorporation of the indemnification agreement in National Union's policy superseded the "other insurance" provision in that policy, thereby rendering it primary to Hartford's policy.

In the order appealed from, the IAS Court granted Hartford's cross motion for summary judgment on the ground that Justice Cohen's November 1993 decision "collaterally estopp[ed] National [Union] from relitigating * * * Hartford's [coinsurance] obligation." The court noted that in its defense of the second third-party action, National Union argued at length that Hartford was the real party in interest behind that action, and that in such role, Hartford was attempting to establish National Union's liability in order to reduce or eliminate its own coinsurance obligation. The court further stated that although National Union did not implead Hartford in the second third-party action, it consistently argued that Hartford was a coinsurer of Chaos, and that a declaration of the insurers' rights should await disposition of the *Boyd* action, when other "necessary parties" could be included.

The court concluded that National Union had a full and fair opportunity to litigate Hartford's coinsurance obligation, and National Union's failure to implead Hartford, "whether by neglect or design," did not prevent National Union from making the same argument that it makes in the present action: that Hartford is a coinsurer who must share equally in the costs of

*Reins. Corp. v Continental Ins. Co.* (82 NY2d 281), decided six days after the court's order, which repudiated the preindemnification doctrine.

**2.** All Seasons' excess insurer, Chubb, contributed the remaining $50,000 to the settlement.

settling the claim against their mutual insured. In finding that this issue was " 'actually litigated' " in the second third-party action, the court quoted from Judge Cohen's November 1993 decision: " 'National Union's claim that Hartford Insurance is obligated to defend Chaos is insufficient to raise any issues of fact. National Union did not implead Hartford into this declaratory judgment action and no evidentiary proof in admissible form is submitted to show that Hartford, rather than National Union, is required to defend and indemnify Chaos.' "

On appeal, National Union argues that the doctrine of collateral estoppel is inapplicable since Hartford's coinsurance obligations were not decided in the prior action. We agree.

Collateral estoppel is an equitable doctrine that is based on the notion that a party should not be permitted to relitigate an issue previously decided against it (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455). The party seeking to invoke the doctrine need only establish two requirements: (1) that the identical issue was necessarily decided in the prior action and is decisive in the present action; and (2) that the party to be precluded from relitigating an issue must have had a full and fair opportunity to contest the prior determination (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, supra, at 664; *Kaufman v Eli Lilly & Co.*, supra, at 455).

While the record supports the IAS Court's determination that National Union received a full and fair opportunity to litigate the question of Hartford's coinsurance obligation, we do not agree that the issue was necessarily decided by Judge Cohen's determination (*see, Matter of Halyalkar v Board of Regents*, 72 NY2d 261, 268). Collateral estoppel will only be given to matters "actually litigated and determined" in a prior action (Restatement [Second] of Judgments § 27; *see also, D'Arata v New York Cent. Mut. Fire Ins. Co.*, supra, at 666; *Kaufman v Eli Lilly & Co.*, supra, at 456; *Singleton Mgt. v Compere*, 243 AD2d 213). For a question to have been actually litigated, "it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding" (*Matter of Halyalkar v Board of Regents*, supra, at 268).

There was no actual determination of Hartford's coinsurance obligation before Justice Cohen (*see, Gloria Vanderbilt Home Furnishings v Cooper*, 215 AD2d 162, 162-163; *Merchants & Bus. Men's Mut. Ins. v Savemart, Inc.*, 213 AD2d 607, 609). In the second third-party action, Chaos sought a declaration of

National Union's obligation to defend and indemnify it based on Chaos' status as an additional insured on National Union's policy. Hartford was not a party to that action, and no pleading raised the issue of Hartford's coinsurance obligation. It is true that National Union raised arguments regarding Hartford's obligations as a coinsurer, and Judge Cohen concluded that these arguments were insufficient to prevent a declaration of National Union's obligation to defend and indemnify Chaos. However, at no time did the court, either explicitly or implicitly, render a determination of nonparty Hartford's coinsurance obligation. The court had no duty to decide the coinsurance issue in the context of the Chaos declaratory judgment action, and the law is clear that the preclusive effect of a declaratory action is limited to the subject matter of the declaratory relief sought (*see, Jefferson Towers v Public Serv. Mut. Ins. Co.*, 195 AD2d 311, 313). Here, the declaration was that National Union was obligated to defend and indemnify Chaos, notwithstanding the presence of a potential coinsurer. Hartford's obligations were simply not decided. Collateral estoppel should never be rigidly or mechanically applied, and in light of the circumstance that neither Hartford nor its policy was before the court at the time that determination was made, it would be inequitable to invoke the doctrine in these circumstances (*see, Matter of Halyalkar v Board of Regents, supra,* at 268-269).

■ Concluding, as we have, that National Union is not precluded from litigating the issue of coinsurance, we must address the parties' arguments as to whether National Union may seek recovery of one half the amount of the settlement from Hartford, as a coinsurer of Chaos. In light of its collateral estoppel determination, the IAS Court did not reach this issue. Hartford contends that the indemnification provision requiring All Seasons to indemnify Chaos for any loss arising out of the work demonstrates that the parties intended that Chaos would be fully insured and indemnified by the insurance procured by All Seasons. Thus, according to Hartford, it was contemplated from the very beginning that All Seasons, and its insurer National Union, would bear the brunt of any loss occurring at the construction site.

National Union responds that the indemnification provision cannot override the "other insurance" provisions contained in both Hartford's and National Union's policies, and that since both insurers insure the same party for the same risk, they are concurrent insurers as a matter of law who must share equally in the cost of defending and settling the underlying action on behalf of their mutual insured.

We agree with National Union that the indemnification provision at issue does not bar the present action seeking a declaration that Hartford must share equally in funding the *Boyd* settlement. While the indemnification provision indisputably requires All Seasons to indemnify Chaos for any liability arising out of the construction work, it does not prohibit All Seasons (or its insurer) from bringing an action against a coinsurer. On the contrary, as National Union notes, the same indemnification provision expressly states that it does not change or alter any of the other provisions of the policy. Thus, the indemnification provision cannot, as Hartford asserts, override the other insurance clauses in the policies (*see, United States Fid. & Guar. Co. v CNA Ins. Cos.*, 208 AD2d 1163 [coverage is determined by policies and not subcontract; therefore, indemnification provision did not cancel out policies' other insurance clauses]; *see also, B.K. Gen. Contrs. v Michigan Mut. Ins. Co.*, 204 AD2d 584, 585).

More importantly, while we agree that the subcontract and insurance policies were structured in a way that the subcontractor (and its insurer) would bear primary responsibility for any liability arising out of the construction work (*see, Fitch v Turner Constr. Co.*, 241 AD2d 166), that obligation was entirely fulfilled when National Union, on Chaos' behalf, paid $1,000,000 to settle the *Boyd* action. Since National Union has fulfilled its duty as indemnitor pursuant to the subcontract and insurance policy, the existence of the indemnification provision may not serve as a bar to an otherwise permissible action against a coinsurer.

National Union has demonstrated that it and Hartford were coinsurers of Chaos. "Generally, where insurance policies provide coverage for the same interest and against the same risk, concurrent coverage exists and two or more primary insurers will be held to be coinsurers (*see, Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 655; *B.K. Gen. Contrs. v Michigan Mut. Ins. Co.*, [*supra*], at 585)." (*Southgate Owners Corp. v Public Serv. Mut. Ins. Co.*, 241 AD2d 397, 398.) Hartford's arguments that it and National Union's policies did not insure the same risk are not persuasive. The fact that the Hartford policy was a commercial general liability policy, much broader than National Union's, does not establish that the policies did not insure the same risk. Indeed, notwithstanding its present efforts at distancing its policy from the risk giving rise to Boyd's injuries, Hartford initially undertook the defense of Chaos in the *Boyd* action, and even discussed the possibility of joint representation with National Union.

Where two or more insurers bind themselves to the same risk and one pays the whole loss, the paying insurer has a right of action against his coinsurers for a ratable portion of the amount paid (*see, Zurich-American Ins. Cos. v Atlantic Mut. Ins. Cos.*, 139 AD2d 379, 387, *affd* 74 NY2d 621; *see also, Continental Ins. Co. v Commercial Union Ins. Co.*, 27 AD2d 333). In the present case, National Union's right to proceed against its coinsurer arises out of the settlement on behalf of Chaos, as a result of which National Union became equitably subrogated to the rights of its insured (*see, Hartford Acc. & Indem. Co. v CNA Ins. Cos.*, 99 AD2d 310, 312). Significantly, Hartford raised no objection to National Union's settlement of the underlying action.

We further reject Hartford's argument that the antisubrogation rule bars National Union's action. The antisubrogation rule provides that an insurer has no right of subrogation against its own insured for a claim arising from the very same risk for which the insured was covered (*see, North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294, *supra; Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 468). "Public policy requires this exception to the general rule [of subrogation] both to prevent the insurer from passing the incidence of loss to its own insured and to guard against the potential for conflict of interest that may affect the insurer's incentive to provide a vigorous defense for its insured" (*North Star Reins. Corp. v Continental Ins. Co., supra,* at 294-295).

In the present case, National Union is not seeking subrogation against one of its own insured; rather, it seeks recovery from a coinsurer *after* it has satisfied its duties to each of its insured. In this respect, this case differs from those where an insurance carrier has assumed its defense and indemnity obligations for both a third-party plaintiff contractor and the third-party defendant subcontractor for the same risk, and seeks recovery from a coinsurer of the subcontractor (*see, National Cas. Co. v State Ins. Fund*, 227 AD2d 115, *lv denied* 88 NY2d 813; *National Union Fire Ins. Co. v State Ins. Fund*, 213 AD2d 164; *Avalanche Wrecking Corp. v New York State Ins. Fund*, 211 AD2d 551). In such instance, a conflict of interest is readily apparent since any effort to seek reimbursement from the subcontractor's insurer is essentially a subrogation action against its own insured, which is barred by the antisubrogation rule (*see, National Union Fire Ins. Co. v State Ins. Fund*, 213 AD2d 164, *supra; Avalanche Wrecking Corp. v New York State Ins. Fund,* 211 AD2d 551, *supra*).

Here, although National Union did insure both Chaos and All Seasons, All Seasons was dismissed out of the case on antisubrogation grounds and National Union fulfilled its indemnity obligations by settling the case on behalf of Chaos. Thus, far from passing on the incidence of the loss to its insured, National Union paid the loss and simply seeks reimbursement from Chaos' coinsurer. Under these circumstances, the policies underlying the antisubrogation rule are not implicated (*see, e.g., Fitch v Turner Constr. Co.*, 241 AD2d 166, *supra; White v Hotel D'Artistes*, 230 AD2d 657; *National Union Fire Ins. Co. v State Ins. Fund*, 222 AD2d 369).

Since both National Union's and Hartford's policies insured the same risk, both the policies provide for primary coverage and the policies have matching "other insurance" clauses, National Union has a cause of action against Hartford for one half of the amount it expended in defense and settlement of the underlying action (*see, Investors Ins. Co. v Hartford Fire Ins. Co.*, 233 AD2d 197; *National Union Fire Ins. Co. v State Ins. Fund*, 222 AD2d, *supra,* at 372). Further, as the policies establish that Hartford is a concurrent insurer as a matter of law, National Union is entitled to judgment declaring that Hartford is obligated to defend and indemnify Chaos, and must share equally in the costs of defending and settling the action on behalf of Chaos.

Accordingly, the judgment of the Supreme Court, New York County (Herman Cahn, J.), entered August 21, 1997, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, should be reversed, on the law, without costs, the cross motion denied and the complaint reinstated, and plaintiff's motion, for a declaration that Hartford is obligated to defend and indemnify Chaos Construction Corp. in the underlying action and must share equally in the costs of defending and indemnifying Chaos, granted.

MILONAS, J. P., WALLACH, TOM and SAXE, JJ., concur.

Judgment, Supreme Court, New York County, entered August 21, 1997, reversed, on the law, without costs, the defendant's cross motion for summary judgment dismissing the complaint denied, the complaint reinstated, and the plaintiff's motion for a declaration that Hartford is obligated to defend and indemnify Chaos Construction Corp. in the underlying action and must share equally in the costs of defending and indemnifying Chaos granted.