■ Fireman's Fund Insurance Company et al., Respondents, v Abax, Inc., Defendant, and Zurich American Insurance Group, Appellant. [786 NYS2d 6]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered July 16, 2003, which granted plaintiffs' motion for summary judgment declaring defendant Zurich American fully obligated to reimburse them for costs and indemnity incurred in the commercial plaintiffs' defense in an underlying personal injury action, denied Zurich American's cross motion for summary judgment to declare it not obligated to indemnify or defend the commercial plaintiffs, and awarded plaintiffs the

principal sum of $232,357.52 against Zurich American, unanimously modified, on the law and the facts, plaintiffs' motion granted only to the extent of declaring Zurich American and Fireman's Fund coinsurers of the commercial plaintiffs, leaving Zurich American responsible to reimburse Fireman's Fund for half the costs and indemnity payments incurred in the defense of the commercial plaintiffs in the underlying action, and reducing the award to plaintiffs to the principal sum of $116,178.76, and otherwise affirmed, without costs.

Although the motion court correctly determined that the Zurich American policy did afford coverage to the commercial plaintiffs, the motion court erred nonetheless in directing Zurich American to reimburse Fireman's Fund in full for the defense costs incurred and the indemnity payments made in connection with the underlying litigation. The "other insurance" clause in the Fireman's Fund policy, which is contained in the property section of the policy, does not apply to this liability claim. As a result, the Fireman's Fund policy was not excess to the Zurich American policy; both provided primary coverage. Accordingly, Fireman's Fund and Zurich American should be considered coinsurers of the commercial plaintiffs in the underlying personal injury action, and should thus share equally in the defense costs and indemnity payments therein (*see National Union Fire Ins. Co. v Hartford Ins. Co.*, 248 AD2d 78, 86 [1998], *affd* 93 NY2d 983 [1999]). Concur—Nardelli, J.P., Saxe, Sullivan, Ellerin and Sweeny, JJ.