Old Republic Gen. Ins. Corp. v Consolidated Edison Co. of N.Y. Inc. (2021 NY Slip Op 02466)





Old Republic Gen. Ins. Corp. v Consolidated Edison Co. of N.Y. Inc.


2021 NY Slip Op 02466


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Acosta, P.J., Renwick, Singh, Moulton, JJ. 


Index No. 651910/17 Appeal No. 13659 Case No. 2020-02489 

[*1]Old Republic General Insurance Corp., Plaintiff-Appellant,
v
Consolidated Edison Company of New York Inc., Defendant-Respondent.


Ken Maguire & Associates, PLLC, Wantagh (Katherine Maguire of counsel), for appellant.
Wilder & Linneball, LLP, Buffalo (Laura A. Linneball of counsel), for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered May 20, 2020, which denied the motion of plaintiff Old Republic General Insurance Corp. (Old Republic) for summary judgment and, upon a search of the record, declared that Old Republic was obligated to provide defendant Consolidated Edison Company of New York Inc. with a defense in the underlying personal injury actions, unanimously affirmed, with costs.
On October 19, 2015, Con Edison contracted with nonparty Ferreira Construction Company (Ferreira) to oversee the installation of a gas main from Queens to the East River known as the Ravenswood Tunnel Project (the agreement). As part of the agreement, Ferreira agreed, among other things, to procure and maintain insurance naming Con Edison as an additional insured. Ferreira obtained insurance from Old Republic.
The Old Republic policy contained an additional insured endorsement, which provided in relevant part:
"A. Section II — Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf;
in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above."
It is undisputed that the agreement required Ferreira to provide insurance naming Con Edison as an additional insured.
On December 8, 2015, two of Ferreira's employees were performing work at Ravenswood Tunnel when both were allegedly injured at the job site when the elevator they were riding in came to a sudden stop, forcing them to make an emergency exit.
The employees commenced actions against Con Edison, alleging that the injuries were "caused, created, permitted and allowed by reason of the carelessness, recklessness and negligence" of Con Edison. Con Edison sought insurance coverage as an additional insured under the Old Republic policy issued to Ferreira. In response, Old Republic commenced this declaratory action against Con Edison, asserting that Con Edison was not an additional insured for purposes of the personal injury actions because the presence of the Ferreira employees in the defective elevator was not caused in whole or in part by the acts or omissions of Old Republic's named insured Ferreira.
Old Republic moved for summary judgment. Con Edison opposed, asserting that summary judgment should be denied, as a question of fact existed concerning Ferreira's negligence and whether its actions were a proximate cause of the plaintiffs' injuries. Con Edison submitted a deposition of one of Ferreira's employees in which he stated that Ferreira knew that the subject elevator malfunctioned 10-12 times before the accident and that Ferreira received notice of the defect 30-35 times. He also stated that Ferreira's employees had an alternative [*2]way to access the work site by means of two provided ladder systems, but that Ferreira permitted its employees to continue using the elevator.
Supreme Court properly determined that plaintiff Old Republic had a duty to defend Con Edison as an additional insured, because there is a reasonable possibility that coverage for Con Edison, under the Old Republic policy, is implicated. The Court of Appeals has held that when an endorsement providing additional insured coverage, like here, "is restricted to liability for any bodily injury 'caused, in whole or in part,' by the 'acts or omissions' of the named insured, the coverage applies to injury proximately caused by the named insured," thus requiring a showing that the named insured's causal conduct was negligent or otherwise at fault (Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 317 [2017] ). Such endorsement, the Court of Appeals explained, is "intended to provide coverage for an additional insured's vicarious liability or contributory negligence, and to prevent coverage for the additional insured's sole negligence" (id. at 326; see also Hanover Ins. Co. v Philadelphia Indem. Ins. Co., 159 AD3d 587, 587 [1st Dept 2018]; Pioneer Cent. Sch. District v Preferred Mut. Ins. Co., 165 AD3d 1646, 1646 [4th Dept 2018]). Unlike Burlington, Hanover and Pioneer Central, where no liability was asserted against the named insured, here it is alleged that Ferreira knew that the subject elevator malfunctioned multiple times before the accident, that Ferreira received notice of the defective elevator, that there was an alternative means to access the work site, and that Ferreira nonetheless allowed its employees to continue to utilize the elevator. Since the underlying personal injury complaint here contains allegations that Ferreira was a proximate cause of the bodily injuries, Old Republic's duty to defend is triggered.
On this record, there are issues of fact as to whether Ferreira was solely or partially responsible for the accident (see Indian Harbor Ins. Co. v Alma Tower, LLC, 165 AD3d 549 [1st Dept 2018]). Accordingly, the issue of indemnification cannot be determined at this juncture (see Vargas v City of New York, 158 AD3d 523, 525 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021