New York Mar. & Gen. Ins. Co. v Eastman Cooke & Assoc. (2021 NY Slip Op 05928)





New York Mar. & Gen. Ins. Co. v Eastman Cooke & Assoc.


2021 NY Slip Op 05928


Decided on October 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 28, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Index No. 152612/14 Appeal No. 14510 Case No. 2020-03837 

[*1]New York Marine and General Insurance Company, Plaintiff-Appellant,
v
Eastman Cooke & Associates, Defendant. Mt. Hawley Insurance Co., Defendant-Respondent.


Kennedys CMK LLP, New York (Ann Odelson of counsel), for appellant.
Abrams, Gorelick, Friedman & Jacobson, LLP, New York (Thomas R. Maeglin of counsel), for respondent.



Order, Supreme Court, New York County (Francis A. Kahn, J.), entered September 1, 2020, which, insofar as appealed from, granted defendant Mt. Hawley Insurance Company's motion for summary judgment to the extent of declaring that plaintiff is required to defend defendant Eastman Cooke & Associates in the underlying action, and denied plaintiff's motion seeking a declaration that it has no duty to defend or indemnify Eastman in the underlying action, unanimously affirmed, with costs.
This is an insurance coverage declaratory judgment action relating to an underlying property damage action, in which plaintiff, a commercial tenant, alleges property damage and other injuries due to prolonged construction work in a different commercial unit of the property where the business was located. The plaintiff, in the underlying action, sued the owner of the subject commercial building, which had contracted with defendant Eastman to perform renovations. Eastman obtained a commercial general liability insurance policy (CGL) from plaintiff Marine, requiring Marine to indemnify it for damages for, among other things, property damage and to provide a defense in actions asserting such claims covered by the Marine policy. The property owner filed third-party claims against defendant Eastman, and Marine commenced this action seeking a declaration that it has no duty to defend and indemnify Eastman.
Supreme Court properly determined that plaintiff Marine has a duty to defend Eastman in the underlying action because there is a reasonable possibility that coverage is implicated under the policy that plaintiff issued (see Fitzpatrick v American Honda Motor Co., Inc., 78 NY2d 61, 65 [1991]; Old Republic Gen. Ins. Corp. v Consolidated Edison Co, of N.Y. Inc., 193 AD3d 595, 597 [1st Dept 2021]). Indeed, Marine does not seriously contest that the CGL policy here covering damage to property applies where the complaint alleges that the damage from the occurrence caused a constructive eviction and breach of quiet enjoyment that resulted in damages in addition to the physical losses; and "property damage" in the policy is defined to include "all resulting loss of the use" of the property. Instead, Marine essentially argues that it has no indemnification/defense obligation because the underlying complaint's claims for constructive eviction/breach of quiet enjoyment do not seek any damages that arose during the Marine policy period, given the pleading admission that plaintiffs were reimbursed for damages during the relevant time frame by another insurer. However, the evidence adduced by Marine does not show that the underlying claims do not seek any damages related to the relevant time period or that the insurance payments from other insurers resolved any and all damages from that period; instead the evidence shows that such claims were asserted and are being pursued and that the payments covered only a certain part of the damages sought, leaving a reasonable possibility that [*2]some unreimbursed damages may be found to fall within the Marine policy. Under the circumstances, plaintiff fails to show that, as a matter of law, there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any provision of the insurance policy (see Spoor-Lasher Co. v Aetna Cas. & Sur. Co, 39 NY2d 875, 876 [1976]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2021