AVR-Powell C Dev. Corp. v American States Ins. Co. (2022 NY Slip Op 06078)

AVR-Powell C Dev. Corp. v American States Ins. Co.

2022 NY Slip Op 06078

Decided on November 01, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 01, 2022

Before: Gische, J.P., Gesmer, Oing, Kennedy, Scarpulla, JJ. 

Index No. 159600/17 Appeal No. 16567 Case No. 2021-03435 

[*1]AVR-Powell C Development Corp., et al., Plaintiffs,
v
American States Insurance Company, Defendant-Respondent.
American States Insurance Company, Third-Party Plaintiff-Respondent,
v
Farm Family Casualty Insurance Company, Third-Party Defendant-Appellant.

Litchfield Cavo LLP, New York (Joseph E. Boury of counsel), for appellant.
Jaffe & Asher LLP, White Plains (Marshall T. Potashner of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about April 9, 2021, which, to the extent appealed from as limited by the briefs, granted third-party plaintiff American States Insurance Company's motion for partial summary judgment against third-party defendant Farm Family Casualty Insurance Company declaring that Farm Family owes the plaintiffs a primary duty to defend in the underlying action, and denied Farm Family's cross motion for partial summary judgment against American States to dismiss the third-party complaint, unanimously affirmed, with costs.
The court properly granted American States' motion for summary judgment seeking a declaration that Farm Family owes plaintiffs a primary duty to defend against the claims alleged in the underlying action. Initially, the court properly determined that the allegations in the underlying complaint suggested a reasonable possibility of coverage under the policy issued by Farm Family, thereby triggering Farm Family's duty to defend (see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007]).
Where its policy has been triggered, a primary insurer has a primary duty to defend its insureds, whereas an excess insurer has no obligation to do so (see General Motors Acceptance Corp. v Nationwide Ins. Co., 4 NY3d 451, 455-456 [2005]). In opposition to American States's motion for partial summary judgment seeking a declaration that Farm Family owes a primary duty to defend, Farm Family did not raise a triable issue of fact as to whether the coverage provided by its policy is excess to any potential coverage provided by American States. In fact, Farm Family did not even dispute American States's assertion that Farm Family's policy is primary.
Farm Family's argument, that summary judgment should have been denied because its policy is either excess to American States's or because it and American States are coinsurers, is improperly raised for the first time on appeal and involves factual issues not presented to the motion court (see Mable v 384 E. Assoc., LLC, 175 AD3d 1127, 1129 [1st Dept 2019]; Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]). Even if both American States and Farm Family provided concurrent coverage and are coinsurers, Farm Family would still owe the insureds a primary duty to defend, subject to apportionment of defense costs between the coinsurers (see Hospital Underwriters Mut. Ins. Co. v National Cas. Co., 150 AD3d 636 [2d Dept 1989], lv denied 75 NY2d 704 [1990]; see also Southgate Owners Corp. v Public Serv. Mut. Ins. Co., 241 AD2d 397, 398 [1st Dept 1997]).
The court properly determined that American States's motion was not premature (see CPLR 1007; Krause v American Guar. & Liab. Ins. Co., 22 NY2d 147, 152-153 [1968]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 1, 2022