Structure Tone, Inc. v Merchants Preferred Ins. Co. (2025 NY Slip Op 02026)

Structure Tone, Inc. v Merchants Preferred Ins. Co.

2025 NY Slip Op 02026

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Webber, J.P., Kennedy, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 652906/20|Appeal No. 4031|Case No. 2024-02618|

[*1]Structure Tone, Inc., Plaintiff-Respondent,
v
Merchants Preferred Insurance Co. et al., Defendants-Respondents, Navigators Insurance Co. et al., Defendants, Old Republic Insurance Company, Defendant-Appellant.

Maguire Tedrick, PLLC, Wantagh (Katherine Maguire Tedrick of counsel), for appellant.
The Dillon Law Firm LLP, New York (Thomas Dillon of counsel), for Structure Tone, Inc., respondent.
Harrington, Ocko & Monk, LLP, White Plains (I. Paul Howansky of counsel), for Merchants Preferred Insurance Co., respondent.
Kennedys CMK LLP, New York (Ann Odelson of counsel), for Scottsdale Insurance Company, respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about April 5, 2024, which denied the motion of defendant Old Republic Insurance Company for summary judgment dismissing all claims and cross-claims as against it and granted the cross-motion of defendant Scottsdale Insurance Company dismissing Old Republic's cross-claim as against Scottsdale, unanimously affirmed, without costs.
Supreme Court properly denied Old Republic's motion for summary judgment because there are questions of fact as to whether the negligence of its named insured, Port Morris Tile & Marble Corp., was a proximate cause of the underlying accident, thus triggering indemnification by Old Republic (see Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 322-323 [2017]). If the injured plaintiff in the underlying action is found to have been a proximate cause of his accident, then respondeat superior would impute that culpability to Port Morris, his employer (see Mercado v Caithness Long Is. LLC, 104 AD3d 576, 578 [1st Dept 2013]). Additionally, Port Morris's foreman testified that Port Morris was responsible for ensuring proper lighting and safety for its employees, which also raises a question of fact as to whether Port Morris may be found negligent (see Old Republic Gen. Ins. Corp. v Consolidated Edison Co. of N.Y. Inc., 193 AD3d 595, 597 [1st Dept 2021]).
Old Republic's reliance on the doctrine of collateral estoppel is unavailing (see Martinez v New York City Tr. Auth., 203 AD3d 87, 91 [1st Dept 2022]; see also National Union Fire Ins. Co. of Pittsburgh, Pa. v Hartford Ins. Co. of Midwest, 248 AD2d 78, 82 [1st Dept 1998], affd 93 NY2d 983 [1999]). While the claim for indemnification based on common-law negligence against Port Morris was dismissed in the underlying action, that was based on the determination that plaintiff did not suffer a grave injury under Workers' Compensation Law, not on any finding as to whether Port Morris was or was not negligent. Nor did this Court resolve the issue in concluding that, on the record before it in that action, there was no evidence of Port Morris's negligence (Cackett v Gladden Props., LLC, 183 AD3d 419, 422 [1st Dept 2020]).
The court also properly granted Scottsdale's cross-motion for summary judgment. "Where two or more insurers bind themselves to the same risk and one pays the whole loss, the paying insurer has a right of action against his coinsurers for a ratable portion of the amount paid" (National Union, 248 AD2d at 85). However, even looking past the issue of whether Old Republic and Scottsdale bound themselves to the same risk, the two are not coinsurers because Old Republic's "other insurance" provision makes it primary, sharing pro rata with other primary policies, while Scottsdale's provision makes it excess. Therefore, "the coverage under [Scottsdale's] policy containing the excess clause does not come into play, and [its] duty to defend is not triggered, until the coverage under [Old Republic's[*2]] policy containing the pro rata clause has been exhausted" (Sport Rock Intl., Inc. v American Cas. Co. of Reading, Pa., 65 AD3d 12,19 [1st Dept 2009], appeal withdrawn 14 NY3d 796 [2010]). Thus, at this juncture, Old Republic is not entitled to any contribution from Scottsdale.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025