Catlin Ins. Co. v Colony Ins. Co. (2025 NY Slip Op 02548)

Catlin Ins. Co. v Colony Ins. Co.

2025 NY Slip Op 02548

Decided on April 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 29, 2025

Before: Kern, J.P., Kennedy, Friedman, Gesmer, Scarpulla, JJ. 

Index No. 651675/22|Appeal No. 4215|Case No. 2023-06328|

[*1]Catlin Insurance Company et al., Plaintiff-Appellant,
v
Colony Insurance Company, Defendant-Respondent, Kingston Buildings Inc., Defendant.

Gallo Vitucci Klar LLP, New York (James Quinn of counsel), for appellant.
Farber Brocks & Zane LLP, Garden City (Lester Chanin of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered November 1, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of plaintiffs Catlin Insurance Company, Sandy Clarkson LLC, and McAlpine Contracting Co. for summary judgment declaring that defendant Colony Insurance Company must cover Sandy Clarkson as an additional insured in an underlying action, granted Colony's cross-motion for summary judgment declaring that Colony is not obligated to cover Sandy Clarkson, and that Colony is not obligated to indemnify McAlpine, unanimously reversed, on the law, without costs, the declaration vacated, plaintiffs' motion granted, Colony's motion denied, and it is declared that Colony must cover Sandy Clarkson as an additional insured on a primary, noncontributory basis with Catlin's coverage and must reimburse plaintiffs' defense costs in the underlying action.
In this insurance coverage action, the court should have found that Sandy Clarkson is entitled to additional insured coverage under Colony's primary and excess policies issued to defendant Kingstone Builders Inc.
Colony's additional insured endorsement states: "Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule [stating "All persons or organizations as required by written contract with the Named Insured"], but only with respect to liability for 'bodily injury' . . . caused, in whole or in part, by: 1. [Kingstone's] acts or omissions; or 2. The acts or omissions of those acting on [Kingstone's] behalf."
The "plain and ordinary meaning" (Broad St., LLC v Gulf Ins. Co., 37 AD3d 126, 130 [1st Dept 2006]) of Colony's additional insured endorsement extends coverage to Sandy Clarkson, because Sandy Clarkson was an organization required by written contract with Colony's named insured, Kingstone, to be named as an additional insured. The written contract is the Kingstone subcontract with McAlpine, which requires Kingstone to name Sandy Clarkson and McAlpine as additional insureds. This endorsement's language is sufficiently broad to require coverage here despite there being no contract between Sandy Clarkson and Kingstone (see generally Netherlands Ins. Co. v Endurance Am. Specialty Ins. Co., 157 AD3d 468 [1st Dept 2018]; compare Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co., 143 AD3d 146, 149, 151 [1st Dept 2016] [where policy endorsement provides coverage to "any person or organization with whomyou [the named insured] have agreed to add as an additional insured by written contract," it "requires that the named insured execute a contract with the party seeking coverage as an additional insured"], affd 31 NY3d 131 [2018]). Colony's duty to defend is implicated because the allegations of the underlying complaint raise a reasonable possibility of coverage (see Old Republic Gen. Ins. Corp. v Consolidated Edison Co. of N.Y. Inc., 193 AD3d 595, 597 [1st Dept 2021[*2]]). Given Colony's policy, the duty to defend is on a primary and noncontributory basis with Catlin's coverage (see WDF Inc. v Harleysville Ins. Co. of N.Y., 193 AD3d 667, 668 [1st Dept 2021]). As Colony's duty to defend on a primary basis has been triggered, plaintiffs are also entitled to reimbursement of defense costs (see Titan Indus. Servs. Corp. v Navigators Ins. Co., 223 AD3d 426, 428 [1st Dept 2024]).
In light of this Court's order in the underlying action modifying to find material issues of fact as to Kingstone's culpability (Gamez v Sandy Clarkson LLC, 222 AD3d 482, 482 [1st Dept 2023]), entered after the entry of the order now on appeal, it is premature to rule on indemnification, which must await a determination of liability in the underlying personal injury action (see 79th Realty Co. v X.L.O. Concrete Corp., 247 AD2d 256, 257 [1st Dept 1998]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2025