■ ESTATE OF GENNARO APREA et al., Plaintiffs, v WILLETS POINT CONTRACTING CORP., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. ANDREW CATAPANO ENTERPRISES, INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [627 NYS2d 76] —In an action to recover damages for wrongful death, the defendant third-party plaintiff Willets Point Contracting Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated November 30, 1993, as partially granted the motion of the third-party defendant Andrew Catapano Enterprises, Inc., for summary judgment dismissing the third-party complaint to the extent that the liability of Willets Point Contracting Corp. is less than $1,000,-000.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied with leave to renew in accordance herewith.

The defendant third-party plaintiff Willets Point Contracting Corp. (hereinafter Willets), the general contractor for a construction project, retained the third-party defendant Andrew Catapano Enterprises, Inc. (hereinafter Catapano), as a subcontractor to perform excavation and sewer work. Pursuant to its contract with Willets, Catapano procured liability insurance from Transcontinental Insurance Company (hereinafter CNA) providing $1,000,000 primary coverage and naming Willets as an additional insured. Willets also secured its own primary coverage from Continental Insurance Company (hereinafter Continental) in the amount of $1,000,000. In addition, Willets purchased excess coverage from two other

insurers. A Catapano employee died of injuries sustained when a trench collapsed and his administratrix subsequently commenced this wrongful death action. Willets, in turn, commenced a third-party action against Catapano for indemnification and/or contribution.

The Supreme Court granted partial summary judgment to Catapano dismissing the third-party complaint to the extent that it seeks indemnification and/or contribution for an award of up to $1,000,000, but denied the motion to the extent that the third-party complaint seeks indemnification and/or contribution for an award in excess of $1,000,000. Based upon the antisubrogation rule set forth in *Pennsylvania Gen. Ins. Co. v Austin Powder Co.* (68 NY2d 465), the court concluded that Willets could not seek indemnification or contribution for any sum under $1,000,000 because CNA, which provided primary coverage of $1,000,000 for Willets, as an additional insured on the Capatano policy, had no right of subrogation against Catapano, its own insured. In so concluding, the court failed to consider the fact that Willets also procured primary insurance from Continental, which did not provide coverage to Catapano. Since Catapano is not Continental's insured, Willets is not precluded from seeking indemnification to the extent that Continental may be required to pay any portion of an eventual settlement or judgment. Thus, while the court correctly concluded that CNA had no right of subrogation against Catapano, the granting of partial summary judgment was premature since it is unclear whether Continental will be called upon to fund any judgment or settlement. Sullivan, J. P., Miller, Santucci and Altman, JJ., concur.