■ Dennis White, Plaintiff, v Hotel D'Artistes, Inc., Defendant and Third-Party Plaintiff-Appellant. Grenadier Corp., Third-Party Defendant-Respondent. [646 NYS2d 793] —Order, Supreme Court, Kings County (Gilbert Ramirez, J.), entered on or about January 11, 1995, which, *inter alia*, granted third-party defendant Grenadier Corp.'s motion for partial summary judgment dismissing the third-party action up to the limits of the applicable insurance policy issued by Federal Insurance Company (Federal) covering Hotel D'Artistes and Grenadier, unanimously reversed, on the law, without costs, and the motion is denied.

Plaintiff, an employee of Grenadier, was working on a scaffold at the Hotel D'Artistes when the scaffold collapsed. Although he did not fall to the ground, he was suspended by his safety belt, 21 floors above the ground, and, he sought recovery against the hotel for his injuries, alleging violations of Labor Law § 240. The hotel then brought the third-party action against Grenadier, seeking indemnification.

The hotel had a comprehensive general liability insurance policy issued by the Fireman's Insurance Company of Washington, D.C. Grenadier also had a commercial general liability insurance policy issued by Federal Insurance Company, and pursuant to a contractual obligation to indemnify the hotel for any negligence of the contractor, in its responsibility for all

safety precautions in connection with the work, Grenadier named the hotel as an additional insured on this policy.

Plaintiff moved for summary judgment on liability, and the hotel cross-moved for summary judgment against Grenadier on its indemnification claim, asserting that its liability under Labor Law § 240 was purely vicarious, because it had no control over the scaffolding.

Thereafter, Grenadier sought summary judgment dismissing the third-party action to the extent of the insurance proceeds. The motion court granted this motion, presumably upon acceptance of Grenadier's argument that, since the hotel was a named additional insured on Grenadier's Federal Insurance policy, the hotel was precluded from bringing an indemnity claim against Grenadier up to the limits of the policy under the antisubrogation rule set forth in *North Star Reins. Corp. v Continental Ins. Co.* (82 NY2d 281) and *Pennsylvania Gen. Ins. Co. v Austin Powder Co.* (68 NY2d 465).

In reaching this conclusion, the motion court failed to consider that the hotel had procured its own insurance from Fireman's Insurance Company, which did not provide coverage to Grenadier. Since Grenadier is not Fireman's insured, Fireman's is not precluded from seeking indemnification to the extent that Fireman's may be required to pay a portion of the eventual settlement or judgment (*Estate of Aprea v Willets Point Contr. Corp.*, 215 AD2d 708). Although the court correctly concluded that Federal had no right of subrogation against Grenadier, its decision to grant the motion for partial summary judgment was premature, because it is presently undetermined whether Fireman's will be obliged to fund the ultimate settlement or judgment.

In addition, the exclusion in Grenadier's policy against contractually-assumed indemnification claims does not bar coverage here because included common-law liability and excluded contractual liability may coexist (*see, National Union Fire Ins. Co. v State Ins. Fund*, 222 AD2d 369, 372). To rule otherwise would potentially deprive an insurer that covered and defended only one party of its right to repayment in the event that it pays for a loss.

The third-party complaint is reinstated. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Tom, JJ.