[671 NYS2d 446]

DOROTHY FITCH, Individually and as Administratrix of the Estate of CRAIG FITCH, Deceased, Plaintiff, v TURNER CONSTRUCTION COMPANY et al., Defendants and Third-Party Plaintiffs. AMERICAN STEEL ERECTORS, Third-Party Defendant-Respondent.

TURNER CONSTRUCTION COMPANY et al., Second Third-Party Plaintiffs, v OWEN STEEL COMPANY, INC., Second Third-Party Defendant-Appellant.

TURNER CONSTRUCTION COMPANY et al., Third Third-Party Plaintiffs, v OWEN STEEL COMPANY, INC., et al., Third Third-Party Defendants-Appellants, and AMERICAN STEEL ERECTORS, INC., et al., Third Third-Party Defendants-Respondents.

First Department, March 31, 1998

APPEARANCES OF COUNSEL

*Kenneth Mauro* of counsel (*Timothy R. Capowski* on the brief *[Martin, Clearwater & Bell],* attorneys), for Owen Steel Company and Wausau Insurance Company, second and third third-party defendants-appellants.

*Richard Imbrogno* of counsel (*Jones Hirsch Connors & Bull, P. C.,* attorneys), for American Steel Erectors and Reliance National Indemnity Company, third-party defendant-respondent and third third-party defendants-respondents.

## OPINION OF THE COURT

MILONAS, J. P.

Plaintiff's decedent, an employee of American Steel Erectors (American), fell to his death while working at a construction site located at 450 Lexington Avenue. Plaintiff brought a wrongful death action against 450 Lexington Venture (450), the owner of the property, and Turner Construction Company (Turner), the general contractor at the site, and was granted summary judgment pursuant to the strict liability provisions of Labor Law § 240 (1). That order was previously affirmed by this Court (219 AD2d 545) and is not at issue on this appeal.

The matter before us involves the multiple third-party actions brought by Turner and 450 against various subcontractors on the project and their respective insurance companies. Turner had subcontracted with Owen Steel Company (Owen) to provide and erect steel framing, and Owen in turn had subcontracted with American to perform this work. The Turner-Owen subcontract required Owen to procure insurance on behalf of Turner and 450 and to fully indemnify and hold them harmless for any loss arising out of personal injury incurred by an Owen employee. Similarly, the Owen-American subcontract required American to insure and indemnify Owen, Turner and 450, with the same "hold harmless" provision for any personal injury incurred by an American employee. Pursuant to these terms of the respective subcontracts, Owen obtained a policy from Wausau Insurance Company, naming Owen as the primary insured and Turner and 450 as additional insured, while American obtained a policy from Reliance National, naming American as primary insured and providing

comprehensive general liability coverage to Turner, 450 and Owen as additional insureds. The Reliance policy also provided comprehensive general liability coverage for personal injury, while American also obtained an excess policy from National Union Fire Insurance Company for umbrella liability, naming the same insureds.

We note at this juncture that, in the order granting summary judgment to plaintiff under Labor Law § 240 (1), and unrelated to the orders giving rise to this appeal, Supreme Court declared that Turner and 450 were entitled to coverage under the insurance policy Wausau issued to Owen and the policy Reliance issued to American.

Following the commencement of the underlying action, Turner and 450 brought three third-party actions: the first against American; the second against Owen; and the third against Owen, American and their respective insurance companies. Owen and Wausau moved for summary judgment declaring that Owen was an additional insured under Reliance's policy to American and that Owen was entitled to contractual indemnity from American pursuant to the Owen-American subcontract. By cross motion, American and Reliance moved for summary judgment dismissing the Turner/450 third-party actions against them as well as the Owen and Wausau cross claims against them on the ground that they were barred by the antisubrogation rule of *North Star Reins. Corp. v Continental Ins. Co.* (82 NY2d 281).

By order entered May 21, 1996 (superseding a May 3, 1996 order granting the same relief but misidentifying the parties), Supreme Court granted Owen's motion for summary judgment declaring it was an additional insured under the Reliance policy issued to American and thus entitled to defense and indemnification. The court denied the Reliance and American cross motions to dismiss the third-party claims and cross claims against them and further directed that Wausau and Reliance equally share the expenses of defense and indemnification of third-party plaintiffs Turner and 450.

Thereafter, upon motion for reargument by American and Reliance, the court granted the motion and dismissed the third-party actions and cross claims asserted against American. The court concluded that all the claims were barred by the antisubrogation rule set forth in *North Star Reins. Corp. v Continental Ins. Co.* (82 NY2d 281, *supra).* On this appeal from the July 10, 1996 order, Owen and Wausau contest only the dismissal of the third-party action against American; they concede that the

other third-party actions and cross claims were properly dismissed. We note that the appeals from the earlier orders of the court, entered May 3 and May 21, 1996, respectively, should be dismissed as academic, as each was wholly superseded by the subsequent order. We further note that all parties have since settled with the plaintiff in the underlying action in the amount of $2.8 million, without prejudice to the rights of the appellants in the instant appeal.

■ Having set forth this summary of the procedural history and respective postures of the multiple parties, we turn to the single substantive issue before us: whether the antisubrogation rule bars the third-party action against American. This rule is the exception to the equitable doctrine of subrogation, which "entitles an insurer to 'stand in the shoes' of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse [citations omitted]. Subrogation allocates responsibility for the loss to the person who in equity and good conscience ought to pay it, in the interest of avoiding absolution of a wrongdoer from liability simply because the insured had the foresight to procure insurance coverage." (*North Star Reins. Corp. v Continental Ins. Co., supra,* at 294.)

However, an insurance carrier has no right of subrogation against its own insured to recover for a claim the insurer has paid that arose out of "the very risk for which the insured was covered" (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 468). As may be readily apparent, two public policy considerations require this exception to the general rule. First, the insurer should not be permitted to pass along the loss to its insured and thereby avoid the very coverage the insured purchased from the insurer. Second, the insurer should not be put in the position where a conflict of interest might develop and the insurer would manage the litigation in such a way as to reduce its liability; i.e., permitting subrogation in such circumstances might affect the insurer's "incentive to provide a vigorous defense for its insured" (*North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d, *supra,* at 295; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d, *supra,* at 471-472; *McGurran v DiCanio Planned Dev. Corp.,* 216 AD2d 538, 539).

Here, as appellants concede, the antisubrogation rule applies to bar the third-party actions against American (and its insurer, Reliance) to the extent that Turner, 450 and Owen are all named as additional insured on the Reliance policy issued to American pursuant to the terms of the Owen-American

subcontract. However, it is undisputed that Wausau never undertook to and does not insure American in any way. Thus, Wausau may be subrogated to the rights of third-party plaintiffs Turner/450, two of its insured, in its attempt to recoup from American the claim Wausau has paid on behalf of Turner/450; in so doing, Wausau does not look to its own insured to recover the loss and thus run afoul of the antisubrogation rule. Rather, in keeping with their respective contractual terms to the effect that the party subcontracting the work to another would be held harmless for personal injury incurred by the subcontractor's employees, and in keeping with the very purpose of the subrogation doctrine set forth above, Wausau seeks to recover the claim it has paid from American, the party who, "in equity and good conscience", should assume ultimate liability for the injury incurred by an American employee.

We have previously had occasion to consider the application of the *North Star* rule in such circumstances, and we have held that the insurer of a third-party plaintiff who does not insure a third-party defendant should be permitted to assert its right of subrogation against that third-party defendant (*White v Hotel D'Artistes*, 230 AD2d 657; *National Union Fire Ins. Co. v State Ins. Fund*, 222 AD2d 369; *see also, Flowers v KG Land N. Y. Corp.*, 219 AD2d 579; *Estate of Aprea v Willets Point Contr. Corp.*, 215 AD2d 708). This is so even where, as here, there may be a coinsurer (Reliance) who insures both the third-party plaintiff and defendant (*White v Hotel D'Artistes, supra,* at 658; *National Union Fire Ins. Co. v State Ins. Fund, supra,* at 371; *Flowers v KG Land N. Y. Corp., supra,* at 581; *Estate of Aprea v Willets Point Contr. Corp., supra,* at 709).

The fact that the insurer seeks to assert its rights through a third-party action brought by parties named as additional insured (Turner/450), rather than the primary insured, does not affect the result, since there is no distinction in the coverage provided to the additional insured. The purpose of the antisubrogation rule, as explained in *North Star*, is to prevent an insurer who provides coverage to *both* sides of a third-party action from recouping from one insured—the third-party defendant—the payment it makes on behalf of another insured—the third-party plaintiff. As described above, this is not the situation presented to us: the insurer (Wausau) is seeking payment from an entity (American) insured *only* by another insurer (Reliance). Thus, the policy considerations and potential conflicts cited above are not involved in Wausau's claim.

Indeed, the sole argument raised by respondents is directed not to the substantive issue of Wausau's subrogation

rights, but rather to the issue of whether Wausau is entitled to bring this appeal. Respondents contend that because third-party plaintiffs Turner/450 never filed a notice of appeal from the contested order, Wausau, as their insurer, cannot bring the appeal in their place. In addition, according to respondents, appellants are not "aggrieved" by the order and have not preserved the substantive issue for our review.

We find these arguments unpersuasive, particularly in view of the equities involved. Most importantly, it cannot seriously be questioned that Wausau, not Turner/450, is the true party "aggrieved" within the meaning of CPLR 5511—the party whose pecuniary interests have been adversely affected by the court's order. It is, after all, Wausau, as Turner/450's insurer, which has paid the settlement but has been deprived of the ability to subrogate itself to the rights of its insured. The court's order prevents Wausau from recovering from American the payment Wausau has made on behalf of Turner/450 for injury sustained by an American employee. Yet, pursuant to the indemnification clauses of the various subcontracts, each respective subcontractor was required to procure insurance to cover precisely the contingency that occurred—injury to an employee of the subcontractor. By including these indemnification and "hold harmless" provisions in each subcontract, the parties contemplated that the subcontractor would bear the loss in such instance. This is precisely the result achieved by permitting Wausau to be subrogated to the rights of Turner/450 and recover from American the claim Wausau has paid on behalf of Turner/450.

Accordingly, the order of the Supreme Court, New York County (Joan Lobis, J.), entered July 10, 1996, which granted third-party defendants' motion for reargument and, upon reargument, granted third-party defendants' motion to dismiss the third-party actions and cross claims against them, should be reversed, insofar as appealed from, on the law, without costs, the motion denied and the first third-party action against third-party defendant American Steel Erectors should be reinstated to the extent that appellant Wausau Insurance Company is obligated to pay a claim on behalf of third-party plaintiffs. The appeals from orders of the same court and Justice, entered May 3, 1996 and May 21, 1996, should be dismissed as academic, without costs.

ROSENBERGER, NARDELLI, WALLACH and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered July 10, 1996, reversed, insofar as appealed from, on the law, without

costs, the motion to dismiss the first third-party action against third-party defendant American denied, and the first third-party action against third-party defendant American reinstated, to the extent that appellant Wausau Insurance Company is obligated to pay a claim on behalf of third-party plaintiffs. The appeals from orders, same court and Justice, entered May 3, 1996 and May 21, 1996, dismissed as academic, without costs.