█ MICHAEL DELLAVALLE, Respondent, v E.W. HOWELL CO., INC., et al., Defendants. E.W. HOWELL CO., INC., et al., Third-Party Plaintiffs, v FISCHBACH AND MOORE, INCORPORATED, Third-Party Defendant-Appellant and Second Third-Party Plaintiff-Appellant, et al., Second Third-Party Defendant. [688 NYS2d 44] —Order, Supreme Court, New York County (Louise Gruner-Gans, J.), entered on or about October 6, 1998, which, insofar as appealed from, granted plaintiff's motion for summary judgment on his cause of action under Labor Law § 240 (1), unanimously affirmed, without costs.

Third-party defendant, Fischbach and Moore, plaintiff's employer, has standing to bring this appeal (see, Fitch v Turner Constr. Co., 241 AD2d 166, 172). We agree with the IAS Court that plaintiff made out a prima facie case under Labor Law § 240 (1) by proof that he was ejected from the aerial bucket in which he was working when the boom to which the bucket was attached suddenly dropped and came back up. Whatever the

cause of such malfunction, plaintiff is entitled to summary judgment absent any evidence that the failure to provide a safe bucket was not a substantial cause of his injuries (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562). Concur—Rosenberger, J. P., Nardelli, Williams and Wallach, JJ.