■ DOROTHY FITCH, Individually and as Administratrix of the Estate of CRAIG FITCH, Deceased, Plaintiff, v TURNER CONSTRUCTION COMPANY et al., Defendants. (And Other Actions.) TURNER CONSTRUCTION COMPANY et al., Third Third-Party Plaintiffs-Respondents, v OWEN STEEL COMPANY, INC., et al., Third Third-Party Defendants-Respondents, and AMERICAN STEEL ERECTORS, INC., et al., Third Third-Party Defendants-Appellants. [767 NYS2d 28]—

Judgment, Supreme Court, New York County (Martin Schoenfeld, J.), entered October 11, 2002, awarding third third-party defendant Wausau Insurance Company a total sum of $1,403,196.92, and bringing up for review an order, same court and Justice, entered September 10, 2002, granting Wausau's motion for summary judgment on its subrogation claim against third third-party defendants American Steel Erectors and Reliance National, unanimously affirmed, with costs.

Wausau Insurance Company, the party in interest, provided coverage to subcontractor Owen Steel Company under a policy that named the contractor, defendant Turner Construction Company, and the project owners as additional insureds. Pursuant to the stipulated settlement of a claim brought by an employee of Owen Steel's subcontractor, appellant American Steel Erectors, Inc., Wausau paid $900,000, which it now seeks to recover from American and its insurer, Reliance National (collectively, American).

Recovery is warranted for the reasons stated in this Court's previous decision, rejecting application of the antisubrogation rule to bar Wausau's claim for reimbursement (241 AD2d 166, 172 [1998]): "The court's order prevents Wausau from recovering from American the payment Wausau has made on behalf of Turner/450 for injury sustained by an American employee. Yet, pursuant to the indemnification clauses of the various subcontracts, each respective subcontractor was required to procure insurance to cover precisely the contingency that occurred— injury to an employee of the subcontractor. By including these indemnification and 'hold harmless' provisions in each subcontract, the parties contemplated that the subcontractor would bear the loss in such instance. This is precisely the result achieved by permitting Wausau to be subrogated to the rights of Turner/450 *and recover from American the claim Wausau has paid on behalf of Turner/450*" (emphasis added). This decision is dispositive of the issues of American's liability for the injury to its own employee and Wausau's right, as Turner's subrogee, to reimbursement for funds paid to the contractor. Since Owen

bears no liability for the injury to American's employee, it is clear that Wausau made payment on behalf of Turner, as an additional insured under its policy, and not on behalf of its own insured. This Court therefore reinstated the third-party indemnification action against American, with Wausau as subrogee, and did not revive any action for which Owen would be liable. Since American bears total responsibility for the loss, the settlement agreement's loss allocation provision is inapposite.

We have considered appellant's remaining contentions and find them unavailing. Concur—Nardelli, J.P., Tom, Ellerin, Lerner and Friedman, JJ.