Aguilar v Graham Terrace, LLC (2020 NY Slip Op 04906)





Aguilar v Graham Terrace, LLC


2020 NY Slip Op 04906


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-09885
 (Index No. 15431/12)

[*1]Willan Enrique Macas Aguilar, plaintiff-respondent,
v
Graham Terrace, LLC, et al., defendants third-party plaintiffs-respondents-appellants, et al., defendant; Atweek, Inc., etc., third-party defendant-appellant- respondent, et al., third-party defendant.


Wade Clark Mulcahy LLP (Carol R. Finocchio, New York, NY, of counsel), for third-party defendant-appellant-respondent.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Andrew D. Showers and Patrick Brophy of counsel), for defendants third-party plaintiffs-respondents-appellants.
Gorayeb & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant Atweek, Inc., doing business as Yankels Demolition, appeals, and the defendants third-party plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated July 27, 2017. The order, insofar as appealed from, (1) granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants third-party plaintiffs, (2) denied those branches of the motion of the third-party defendant Atweek, Inc., doing business as Yankels Demolition, which were for summary judgment dismissing the Labor Law § 240(1) cause of action and so much of the Labor Law § 241(6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.8(c) insofar as asserted against the defendants third-party plaintiffs, and (3) denied that branch of the motion of the third-party defendant Atweek, Inc., doing business as Yankels Demolition, which was for summary judgment dismissing the third-party cause of action for contractual indemnification to the extent that it sought an amount of less than $6,000,000, and granted that branch of the motion of the defendants third-party plaintiffs which was for summary judgment on the third-party cause of action for contractual indemnification to the extent that an excess insurance carrier does not make payments under an excess policy for loss exceeding the limit of a primary policy. The order, insofar as cross-appealed from, (1) granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants third-party plaintiffs, and (2) denied those branches of the motion of the defendants third-party plaintiffs which were for summary judgment dismissing the Labor Law § 240(1) cause of action and so much of the Labor Law § 241(6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.8(c) insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants third-party plaintiffs which was for summary judgment on the third-party cause of action for contractual indemnification to the extent that an excess insurance carrier does not make payments under an excess policy for loss exceeding the limit of a primary policy, and substituting therefor a provision denying that branch of the motion; as so modified, the order affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff, payable by the defendants third-party plaintiffs and the third-party defendant Atweek, Inc., doing business as Yankels Demolition, appearing separately and filing separate briefs.
The defendant third-party plaintiff Graham Terrace, LLC (hereinafter the owner), hired the defendant third-party plaintiff Townhouse Builders, Inc. (hereinafter the general contractor), in connection with the renovation of a building located in Brooklyn. The general contractor hired the third-party defendant Atweek, Inc., doing business as Yankels Demolition (hereinafter the subcontractor), to do the demolition work. The plaintiff was employed by the subcontractor as a laborer. The plaintiff allegedly was injured when a heating, ventilation, and air conditioning (hereinafter HVAC) duct fell and struck him while he was standing on a beam, causing him to fall approximately one story to the floor.
The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). Thereafter, the owner and the general contractor commenced a third-party action, asserting, among other things, a cause of action for contractual indemnification against the subcontractor. After issue was joined, the subcontractor moved for summary judgment dismissing the amended complaint insofar as asserted against the owner and the general contractor. The subcontractor also moved, inter alia, for summary judgment dismissing the third-party cause of action for contractual indemnification to the extent that it sought an amount of less than $6,000,000, contending that the anti-subrogation rule applied to available coverage in that amount under primary and excess policies. The owner and the general contractor moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against them and on the third-party cause of action for contractual indemnification. The plaintiff moved for summary judgment on issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the owner and the general contractor.
In an order dated July 27, 2017, the Supreme Court granted the plaintiff's motion. The court denied those branches of the subcontractor's motion which were for summary judgment dismissing the Labor Law § 240(1) cause of action and so much of the Labor Law § 241(6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.8(c) insofar as asserted against the owner and the general contractor, and for summary judgment dismissing the third-party cause of action for contractual indemnification to the extent that it sought an amount of less than $6,000,000. The court granted that branch of the motion of the owner and the general contractor which was for summary judgment on that third-party cause of action to the extent that the excess insurance carrier does not make payments under the excess policy for loss exceeding the limit of the primary policy. In addition, the court denied those branches of the motion of the owner and the general contractor which were for summary judgment dismissing the Labor Law § 240(1) cause of action and so much of the Labor Law § 241(6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-1.8(c) insofar as asserted against them. The subcontractor appeals, and the owner and the general contractor cross-appeal.
We agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the owner and the general contractor, and to deny those branches of the appellants' motions which were for summary judgment dismissing that cause of action insofar as asserted against the owner and the general contractor. Labor Law § 240(1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse Supply Co., 25 NY3d 117, 124). "Labor Law § 240(1) applies to both falling worker' and falling object' cases" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267). With respect to falling objects, liability is not limited to cases in which the falling object is [*2]in the process of being hoisted or secured (see Quattrocchi v F.J. Sciame Constr. Corp., 11 NY3d 757, 758-759). Rather, "a plaintiff must show that the object fell . . . because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (Narducci v Manhasset Bay Assoc., 96 NY2d at 268). "To succeed on a cause of action under Labor Law § 240(1), a plaintiff must establish that the defendant violated its duty and that the violation proximately caused the plaintiff's injuries" (Roblero v Bais Ruchel High Sch., Inc., 175 AD3d 1446, 1447). The burden then shifts to the defendant to raise a triable issue of fact (see Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500, 502). A worker's comparative negligence is not a defense to a cause of action under Labor Law § 240(1) (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289). Rather, only where the worker's own conduct is the sole proximate cause of the accident is recovery under Labor Law § 240(1) unavailable (see Luna v 4300 Crescent, LLC, 174 AD3d 881, 883).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on his Labor Law § 240(1) cause of action insofar as asserted against the owner and the general contractor by submitting evidence that while he was engaged in demolition work, he was injured when an unsecured HVAC duct fell and hit him, causing him to fall to the ground (see Ragubir v Gibralter Mgt. Co., Inc., 146 AD3d 563; Cortes v Jing Jeng Hang, 143 AD3d 854; Sarata v Metropolitan Transp. Auth., 134 AD3d 1089). In opposition, the appellants failed to raise a triable issue of fact as to whether the plaintiff's own conduct was the sole proximate cause of his injuries.
We also agree with the Supreme Court's determination to deny those branches of the appellants' motions which were for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon a violation of 12 NYCRR 23-1.8(c) insofar as asserted against the owner and the general contractor. Section 23-1.8(c)(1) provides that: "Every person required to work or pass within any area where there is a danger of being struck by falling objects or materials . . . shall be required to wear an approved safety hat." "In order to prevail on a Labor Law § 241(6) cause of action premised upon a violation of 12 NYCRR 23-1.8(c)(1), the plaintiff must establish that the job was a hard hat job, and that the plaintiff's failure to wear a hard hat was a proximate cause of his injury" (Seales v Trident Structural Corp., 142 AD3d 1153, 1157 [internal quotation marks omitted]). Here, the appellants failed to establish, prima facie, that this was not a hard hat job, and that the plaintiff's lack of head protection did not play a role in the injuries he sustained when he was struck by the falling object.
Finally, with respect to the third-party cause of action for contractual indemnification, it is premature to render any determination concerning the extent to which the owner and the general contractor have a right of subrogation against the subcontractor (see Karcz v Klewin Bldg. Co., Inc., 85 AD3d 1649, 1652; Kvandal v Westminster Presbyt. Socy., 238 AD2d 889, 890; White v Hotel D'Artistes, 230 AD2d 657, 658; Estate of Aprea v Willets Point Contr. Corp., 215 AD2d 708, 709). Thus, while we agree with the Supreme Court's determination to deny that branch of the subcontractor's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification to the extent that it sought an amount of less than $6,000,000, we disagree with the court's determination to grant that branch of the motion of the owner and the general contractor which was for summary judgment on that third-party cause of action to the extent that the excess insurance carrier does not make payments under the excess policy for loss exceeding the limit of the primary policy.
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court