Ortega v Panther Siding & Windows, Inc. (2022 NY Slip Op 02559)

Ortega v Panther Siding & Windows, Inc.

2022 NY Slip Op 02559

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2020-01651
 (Index No. 610155/18)

[*1]Rene Ortega, appellant, 
v
Panther Siding & Windows, Inc., respondent (and a third-party action).

Sanders, Sanders, Block, Woycik, Veiner & Grossman, P.C., Mineola, NY (Mark R. Bernstein of counsel), for appellant.
Fleischner Potash, LLP, New York, NY (Nancy Lewis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered January 13, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly was injured in January 2017 when he fell from a roof on residential property (hereinafter the property) while working as a foreman for the third-party defendant, Golden Hammer Construction Group, Corp. (hereinafter Golden Hammer). Golden Hammer was a subcontractor for the defendant third-party plaintiff, Panther Siding & Windows, Inc. (hereinafter the defendant). Thereafter, the plaintiff commenced this action against the defendant to recover damages for violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence, alleging, among other things, that the defendant had contracted with Golden Hammer to perform construction work at the property on the day of the accident. The plaintiff generally identified the location of the property in the complaint as being in Queens, but testified at his deposition that the property was located in Valley Stream. Following discovery, the defendant moved for summary judgment dismissing the complaint. In an order dated January 9, 2020, the Supreme Court granted the defendant's motion. The plaintiff appeals from so much of the order as granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action.
Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action. "Labor Law § 240(1) 'imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks'" (Aguilar v Graham Terrace, LLC, 186 AD3d 1298, 1300, quoting Saint v Syracuse Supply Co., 25 NY3d 117, 124). Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) cause of action with evidence that it was not the general contractor or agent [*2]of the owner on any project in Valley Stream on the date of the plaintiff's accident (see Navarra v Hannon, 197 AD3d 474, 476-477). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The plaintiff's remaining contentions need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court