Reyes v Sligo Constr. Corp. (2023 NY Slip Op 01699)

Reyes v Sligo Constr. Corp.

2023 NY Slip Op 01699

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2019-11280
 (Index No. 600833/15)

[*1]Miguel Reyes, appellant, 
v
Sligo Construction Corp., defendant third-party plaintiff-respondent, Equity Trust Company, etc., respondent; Big Moose Builders, Inc., third-party defendant-respondent.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Gallo Vitucci Klar, LLP, Woodbury, NY (Andrew M. Lauri of counsel), for respondent.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated September 25, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 200 insofar as asserted against the defendant Sligo Construction Corp., granted those branches of the motion of the defendant Sligo Construction Corp. and the separate motion of the third-party defendant Big Moose Builders, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against the defendant Sligo Construction Corp., and granted that branch of the motion of the defendant Equity Trust Company which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendant Sligo Construction Corp. and the separate motion of the third-party defendant Big Moose Builders, Inc., which were for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.8(c)(1) insofar as asserted against the defendant Sligo Construction Corp., and substituting therefor a provision denying those branches of the separate motions, and (2) by deleting the provision thereof granting that branch of the motion of the defendant Equity Trust Company which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.8(c)(1) insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, a construction worker, allegedly was injured when a piece of wood struck him on the head during the partial demolition of a house. After the accident, the plaintiff commenced this action to recover damages for personal injuries against the owner of the house, the defendant Equity Trust Company (hereinafter the owner), and the general contractor on the project, the defendant Sligo Construction Corp. (hereinafter the general contractor), asserting, inter alia, causes of action alleging violations of Labor Law §§ 200 and 241(6). The general contractor commenced a third-party action against the subcontractor that employed the plaintiff, the third-party defendant Big Moose Builders, Inc. (hereinafter the subcontractor), asserting causes of action for common-law and contractual indemnification.
The plaintiff testified at his deposition that he was bending over to pick up debris inside the house when a piece of wood became dislodged from a wall and struck him in the head. The plaintiff's brother, who was also working at the construction site that day, testified that the plaintiff was walking outside of the house when a worker who was removing a window from the first floor of the house pushed the window to the ground. The window struck a piece of wood that was lying on the ground, which then struck the plaintiff in the head. The plaintiff's father, who was also working at the construction site that day, testified that the plaintiff was exiting the house when a window was pushed from the second floor of the house. The window struck a piece of wood that was lying on the ground, and then both the window and the piece of wood struck the plaintiff in the head.
After the completion of discovery, the general contractor and the subcontractor separately moved, inter alia, for summary judgment dismissing the Labor Law §§ 200 and 241(6) causes of action insofar as asserted against the general contractor. The owner separately moved, among other things, for summary judgment dismissing the Labor Law §§ 200 and 241(6) causes of action insofar as asserted against it. The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability against the general contractor on the Labor Law § 200 cause of action. By order dated September 25, 2019, the Supreme Court, among other things, granted those branches of the separate motions which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6), and denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the general contractor on the cause of action alleging a violation of Labor Law § 200. The plaintiff appeals.
The Supreme Court properly granted those branches of the motions of the general contractor and the subcontractor which were for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against the general contractor. When a claim arises out of alleged defects or dangers involving the manner in which the work was performed, a general contractor will be held liable under Labor Law § 200 only if it possessed the authority to supervise or control the means and methods of the work (see Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d 686, 689; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 720; Ortega v Puccia, 57 AD3d 54, 61). "[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (Poulin v Ultimate Homes, Inc., 166 AD3d 667, 670 [internal quotation marks omitted]).
Here, the general contractor and the subcontractor established, prima facie, that the authority of the general contractor extended only to overseeing the progress of the work and maintaining the right to fire a subcontractor, which is insufficient to maintain a Labor Law § 200 cause of action (see Murphy v 80 Pine, LLC, 208 AD3d 492, 495; Austin v Consolidated Edison, Inc., 79 AD3d 682, 684). Contrary to the plaintiff's contention, an affidavit of Paul Davey, the vice president of the general contractor, confirmed that Davey told the subcontractors on the project only the schedule and sequence of work that needed to be performed, not how to perform the work (see Sanchez v BBL Constr. Servs., LLC, 202 AD3d 847, 850; Kauffman v Turner Constr. Co., 195 AD3d 1003, 1006; Pchelka v Southcroft, LLC, 178 AD3d 836, 838; Bisram v Long Is. Jewish Hosp., 116 AD3d 475, 476). In opposition, the plaintiff failed to raise a triable issue of fact. For the same reasons, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability against the general contractor on the Labor Law § 200 [*2]cause of action.
The Supreme Court also properly granted those branches of the defendants' motions which were for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on violations of 12 NYCRR 23-1.7(a)(1), 23-3.3(b)(3), and 23-3.3(c). The defendants established, prima facie, that the work site was not a place that is "normally exposed to falling material or objects" (Moncayo v Curtis Partition Corp., 106 AD3d 963, 965; Portillo v Roby Anne Dev., LLC, 32 AD3d 421, 422), and that the plaintiff's alleged injury was "caused by the actual performance of demolition work" and was not the result of any structural instability (Majerski v City of New York, 193 AD3d 715, 718; Maldonado v AMMM Props. Co., 107 AD3d 954, 955; Vega v Renaissance 632 Broadway, LLC, 103 AD3d 883, 885). In opposition, the plaintiff failed to raise a triable issue of fact.
However, the Supreme Court should have denied those branches of the defendants' motions which were for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-1.8(c)(1). "In order to prevail on a Labor Law § 241(6) cause of action premised upon a violation of 12 NYCRR 23-1.8(c)(1), the plaintiff must establish that the job was a 'hard hat' job, and that the plaintiff's failure to wear a hard hat was a proximate cause of his [or her] injury" (Aguilar v Graham Terrace, LLC, 186 AD3d 1298, 1301; Seales v Trident Structural Corp., 142 AD3d 1153, 1157). Here, the defendants failed to establish, prima facie, that the demolition work associated with the house renovation was not a hard hat job, and that the plaintiff's lack of head protection did not play a role in the injuries he sustained when he was struck in the head by a piece of wood (see Santana v MMF 1212 Assoc L.L.C., 190 AD3d 505, 506; Aguilar v Graham Terrace, LLC, 186 AD3d at 1301; Seales v Trident Structural Corp., 142 AD3d at 1157; Bornschein v Shuman, 7 AD3d 476, 478). Accordingly, the court should have denied those branches of the defendants' motions without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court