Santiago v Hanley Group, Inc. (2023 NY Slip Op 02549)

Santiago v Hanley Group, Inc.

2023 NY Slip Op 02549

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-09519
 (Index No. 67948/18)

[*1]David Santiago, et al., respondents, 
v
Hanley Group, Inc., appellant, et al., defendants.

Malapero Prisco & Klauber LLP, New York, NY (Francis B. Mann, Jr., of counsel), for appellant.
Varcadipane & Pinnisi, P.C., New York, NY (Dawn M. Pinnisi of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Hanley Group, Inc., appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated October 30, 2020. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Hanley Group, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff David Santiago (hereinafter the injured plaintiff) allegedly was injured when he fell from the roof of a single-family house while performing construction work. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages against, among others, the general contractor, Hanley Group, Inc. (hereinafter the defendant), alleging, inter alia, a violation of Labor Law § 240(1). The plaintiffs moved, among other things, for summary judgment on the issue of liability on that cause of action insofar as asserted against the defendant. In an order dated October 30, 2020, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion. The defendant appeals.
Labor Law § 240(1) requires contractors to provide appropriate safety devices for the protection of workers engaging in labor that involves elevation-related risks. A defendant may defeat a plaintiff's motion for summary judgment where it can raise a triable issue of fact as to whether the plaintiff was a recalcitrant worker by demonstrating that the workers "(1) had adequate safety devices available, (2) knew both that the safety devices were available and that [they were] expected to use them, (3) chose for no good reason not to do so, and (4) would not have been injured had they not made that choice" (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [internal quotation marks omitted]; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40). Alternatively, a defendant may prevail if it can raise a triable issue of fact as to whether the plaintiff was the sole proximate cause of his or her own injury (see Blake v Neighborhood Hous. Serv. of N.Y. City, 1 NY3d 280, 290; Eddy v John Hummel Custom Bldrs., Inc., 147 AD3d 16, 22).
Here, contrary to the defendant's contention, in opposition to the plaintiffs' prima facie showing, the defendant failed to raise a triable issue of fact as to whether it complied with its statutory duty under Labor Law § 240(1) to make adequate safety devices available for work at elevation (see Aguilar v Graham Terrace, LLC, 186 AD3d 1298). The defendant likewise failed to raise a triable issue of fact as to whether the injured plaintiff's conduct was the sole proximate cause of his injuries or as to whether the injured plaintiff was a recalcitrant worker. The defendant did not present evidence showing that the injured plaintiff was aware of the location of proper safety devices or that he was expected to use them (see Doto v Astoria Energy II, LLC, 129 AD3d 660, 662).
Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant.
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court