Flores v Fort Green Homes, LLC (2024 NY Slip Op 02303)

Flores v Fort Green Homes, LLC

2024 NY Slip Op 02303

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2021-02902
 (Index No. 514217/16)

[*1]Carlos Lemus Flores, appellant,
v
Fort Green Homes, LLC, et al., respondents (and a third-party action).

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellant.
Kaufman Dolowich Voluck, LLP, New York, NY (Yousra A. Depalma of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated April 6, 2021. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly sustained personal injuries when, while "backfilling" the foundation at a construction site, a fire extinguisher that had been resting unsecured on a beam approximately 20 feet above the plaintiff fell and struck him on the head. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6).
The defendants moved for summary judgment dismissing the complaint, and the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In an order dated April 6, 2021, the Supreme Court, among other things, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) and denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The plaintiff appeals.
"Labor Law § 240(1) imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Castano v Algonquin Gas Transmission, LLC, 213 AD3d 905, 907 [internal quotation marks omitted]). "With respect to falling objects, Labor Law § 240(1) applies where the falling of an object is related to 'a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured'" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268, quoting [*2]Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). Therefore, "a plaintiff must show more than simply that an object fell, thereby causing injury to a worker" (Turczynsky v City of New York, 17 AD3d 450, 451). "[A] plaintiff must show that, at the time the object fell, it was being hoisted or secured, or that the falling object required securing for the purposes of the undertaking" (Banscher v Actus Lend Lease, LLC, 103 AD3d 823, 824).
Here, the defendants established, prima facie, that the fire extinguisher that fell on the plaintiff "was not a material being hoisted or a load that required securing for the purposes of the undertaking at the time it fell" (Roberts v General Elec. Co., 97 NY2d 737, 738 [internal quotation marks omitted]; see Banscher v Actus Lend Lease, LLC, 103 AD3d at 824; Gambino v Massachusetts Mut. Life Ins. Co., 8 AD3d 337, 338; see also Ruiz v Ford, 160 AD3d 1001, 1003; Wysk v New York City School Constr. Auth., 87 AD3d 1131, 1132). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosps., 68 NY2d 320, 324). For the same reason, the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and properly denied the plaintiff's motion for summary judgment on the issue of liability on that cause of action.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. To establish liability under Labor Law § 241(6), a plaintiff or claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Cruz v 451 Lexington Realty, LLC, 218 AD3d 733, 736-737 [internal quotation marks omitted]). A cause of action alleging a violation of Labor Law § 241(6) predicated upon a violation of Industrial Code 12 NYCRR 23-1.7(a)(1) requires the plaintiff to demonstrate that "the area in which the plaintiff was injured was one where workers are normally exposed to falling objects" (Portillo v Roby Anne Dev., LLC, 32 AD3d 421, 422; see Reyes v Sligo Constr. Corp., 214 AD3d 1014).
Here, the defendants established, prima facie, that 12 NYCRR 23-1.7(a)(1) was inapplicable to the facts of this case since the area where the incident occurred was not "normally exposed to falling material or objects" within the meaning of 12 NYCRR 23-1.7(a) (see Reyes v Sligo Constr. Corp., 214 AD3d at 1017; Marin v AP-Amsterdam 1661 Park LLC, 60 AD3d 824, 826). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6).
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court