Harjo-Codd v Tishman Constr. Corp. (2024 NY Slip Op 06302)

Harjo-Codd v Tishman Constr. Corp.

2024 NY Slip Op 06302

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Manzanet-Daniels, J.P., Webber, Moulton, Rodriguez, Rosado, JJ. 

Index No. 153044/22 Appeal No. 3252 Case No. 2024-00511 

[*1]Jeannette Harjo-Codd, et al., Plaintiffs-Appellants,
v
Tishman Construction Corporation, et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellants.
Connell Foley LLP, New York (Brian P. Morrissey of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered January 12, 2024, which denied plaintiffs' motion for partial summary judgment on their Labor Law § 240(1) claim as premature, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiffs' proof in the form of an affidavit from the injured plaintiff worker, together with affidavits of plaintiff's coworkers, a nonparty deposition of a coworker, and an affidavit from defendant construction manager's representative (noting safety equipment violations issued by the Department of Buildings were remedied), all of which were consistent with one another, established prima facie entitlement to partial summary judgment on plaintiffs' Labor Law § 240(1) claim. Plaintiff established that she was injured as the bucket lift she rode in to affix plastic sheets to faÇade scaffolding at the fourth-floor level of a building leased by defendant museum suddenly became snagged on the scaffolding before the bucket then popped free of the scaffolding, ejecting plaintiff in the process. Plaintiff wore a harness and lanyard that had a retractable, protective device that did not operate as designed in order to keep her inside the bucket. Plaintiff fell approximately 20 feet down from the bucket before the lanyard arrested her fall, and allegedly sustained gravity-related injuries. Such evidence established prima facie that plaintiff's accident arose from a gravity-related risk that defendants failed to adequately protect her from (see Favaloro v Port Auth. of N.Y. & N.J., 191 AD3d 524, 524-525 [1st Dept 2021]; see also Dellavalle v Howell Co., 260 AD2d 194, 194-195 [1st Dept 1999], lv dismissed 93 NY2d 953 [1999]).
Affidavits from plaintiff and her coworkers established the mechanism of the accident, and the affidavit from the construction manager's representative acknowledged that the accident occurred in such manner, amounting to an admission of such facts (cf. Weicht v City of New York, 148 AD3d 551 [1st Dept 2017]; Torres-Quito v 1711 LLC, 227 AD3d 113, 117 [1st Dept 2024]). While the incident reports prepared by the construction manager and subcontractors corroborated how the accident happened, they were not authenticated by the preparers of such reports and, as such, were not admissible (see CPLR 4518; cf. Weicht v City of New York, 148 AD3d 551). Nonetheless, even absent the incident reports, plaintiffs' proof established prima facie entitlement to summary judgment despite that discovery remained outstanding (see Laporta v PPC Commercial, LLC, 204 AD3d 538, 539 [1st Dept 2022]).
In opposition, defendants failed to raise a triable issue of fact. Nor have they made an evidentiary showing that discovery may lead to evidence that would raise a triable issue to warrant denial of plaintiffs' motion (see DaSilva v Haks Engrs.,
Architects & Land Surveyors, P.C., 125 AD3d 480, 482 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: December 17, 2024