Pacheco v Tishman Constr. Corp. of N.Y.

2026 NY Slip Op 03236

May 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Cesar Pacheco, etc., Plaintiff-Respondent,

v

Tishman Construction Corporation of New York et al., Defendants-Appellants.

Tishman Construction Corporation of New York et al., Third-Party Plaintiffs-Apellants,

E-J Electric Installation Co., Third-Party Defendant-Respondent.

Decided and Entered: May 21, 2026

Index No. 26440/18|Appeal No. 6708|Case No. 2025-07441|

Before: Moulton, J.P., González, O'Neill Levy, Chan, Hagler, JJ.

Mauro Lilling Naparty LLP, Woodbury (Glenn A. Kaminska of counsel), for appellants.

Kazmierczuk & McGrath, Forest Hills (William J. Kazmierczuk of counsel), for Cesar Pacheco, respondent.

Baxter & Smith, Hicksville (Arthur Smith of counsel), for EJ Electric, respondent.

[*1]

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered October 6, 2025, which granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, unanimously affirmed, without costs.

On the date of this alleged workplace accident plaintiff's decedent and his co-worker were working from an aerial boom lift installing electrical piping at a construction site. While descending in the lift, decedent and his co-worker were forcibly ejected from its basket after the lift hit an obstruction. It is undisputed that both men had removed their safety lanyards before the lift's descent. Plaintiffs established their prima facie entitlement to liability under Labor Law § 240(1) by demonstrating that the lift failed to provide decedent with protection from a gravity-related hazard (see Dellavalle v Howell Co., 260 AD2d 194, 194 [1st Dept 1999], lv dismissed 93 NY2d 953 [1999]). While it is unclear whether a stanchion or some other obstruction caused the accident, plaintiff was not required to demonstrate the precise etiology of the accident (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 562 [1993]).

In opposition, defendants failed to create an issue of fact about the adequacy of the boom lift. While they emphasize that decedent disconnected his safety lanyard from the basket within seconds of the basket descending, it is well established that there can be more than one cause of a workplace accident (see Susko v 337 Greenwich LLC, 103 AD3d 434, 435 [1st Dept 2013]). The failure of the boom lift remained a proximate cause of decedent's injuries. Decedent's failure to deploy the lanyard would not have mattered if the lift had provided safety to work at elevation (see DaSilva v Super P57, LLC, 247 AD3d 645, 646 [1st Dept 2026] [the plaintiff cannot be the sole proximate cause of his injury where other "safety device shortcomings led to plaintiff's accident"]). While decedent's alleged comparative negligence may reduce plaintiffs' damages, it is not a defense to liability under Labor Law § 240(1) (see Nyanteh v 590 Madison Ave. LLC, 238 AD3d 643 [1st Dept 2025]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 21, 2026